UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

MARK MUNSON,

    Plaintiff,

vs.

EAST CENTRAL
INTERGOVERNMENTAL
ASSOCIATION,

    Defendant.

Case No. 2:14-cv-01014-LRR

## AMENDED COMPLAINT

COMES NOW Plaintiff, Mark Munson, pursuant to F.R.C.P. 15 hereby amends his Complaint to name the correct Defendant, East Central Intergovernmental Association (hereinafter, "ECIA"), and for his causes of action against said Defendant, states as follows:

### INTRODUCTION

1. This is an action for violations of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, and the Iowa Civil Rights Act of 1965 for disability discrimination. Defendant failed to accommodate Plaintiff's disabilities, harassed him because of those disabilities, and ultimately terminated Plaintiffs employment because of those disabilities.

### JURISDICTION AND VENUE

2. Plaintiff's claims in Counts I through IV are brought pursuant to the Americans with Disabilities Act of 1990, as amended, and the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. (hereinafter, collectively the "ADA").

3. Plaintiff's claims in Counts V through VII are brought pursuant to the Iowa Civil Rights Act of 1965, as amended, Iowa Code§ 216.1 et seq. (hereinafter, the "ICRA").

4. This Court has original jurisdiction regarding Counts I through IV pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction regarding Counts V through VII pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this District because Defendant conducts significant business activities in this District and a substantial part of the events and omissions giving rise to the claims contained herein occurred in this District.

6. There is personal jurisdiction over Defendant in this District. Presently and at all times material hereto, Defendant has conducted substantial, continuous, and systematic business activities in this District.

## PARTIES

7. Plaintiff is, and all material times herein has been, a resident of Dubuque, Dubuque County, Iowa. He was employed by Defendant in Dubuque, Dubuque County, Iowa from on or about November 21, 2005, through on or about May 29, 2012.

8. Defendant is an organization of local government organized under the laws of the State of Iowa. Defendant's principal place of business is located in this District, specifically, in Dubuque, Dubuque County, Iowa

## FACTS

9. Plaintiff was employed by Defendant as Director of Transit Operations from on or about November 21, 2005, through on or about May 29, 2012.

10. From approximately October of 2011 through and after May 29, 2012, Plaintiff suffered from certain health conditions, including depression, anxiety, and alcohol dependence.

11. Plaintiff's aforementioned health conditions substantially limited certain major life activities, including his concentration, decision-making, organizational abilities, effective communication abilities, and his ability to work.

12. Plaintiff's aforementioned health conditions constitute disabilities under the ADA and the ICRA.

13. On or about March 8, 2012, Plaintiff informed certain members of Defendant's management, including its Executive Director, Kelley Deutmeyer, its Director of Finance and Human Resources, Lisa Weinhold, and Assistant Executive Director, Candace Eudaley, that he was receiving medical treatment for anxiety and depression.

2

14. In response to Plaintiff's statements regarding his anxiety and depression as referenced in Paragraph 13, above, Ms. Eudaley laughed and Ms. Deutmeyer said words to the effect of, "Buck it up; we all have stress."

15. In March of 2012, shortly after the incident referenced above in Paragraph 13, above, Ms. Deutmeyer and Ms. Weinhold entered Plaintiff's office and stated they were conducting "an intervention." The foregoing was stated in a joking and hostile manner.

16. During the "intervention" referenced above, Plaintiff reemphasized the seriousness of his depression and anxiety, stated the same were causing him physical ailments, stated he was undergoing medical treatment for the same, and showed Ms. Deutmeyer and Ms. Weinhold the bottle of mediation he had been prescribed for treatment of his anxiety.

17. During the "intervention" referenced above, Ms. Deutmeyer laughed at Plaintiff when he showed her his prescription medication.

18. During the "intervention" referenced above, Plaintiff requested taking some time off from work to deal with his depression and anxiety. Ms. Deutmeyer and Ms. Weinhold approved Plaintiff's request.

19. In April of 2012, Plaintiff's treating psychologist directed Plaintiff to seek treatment for his alcohol dependence. Plaintiff entered treatment on an out-patient basis.

20. On or about May 23, 2012, Plaintiff presented Ms. Deutmeyer and Ms. Weinhold with a note from his alcohol dependence treatment provider stating Plaintiff was to continue with his outpatient treatment and that he was released to return to work on a reduced-schedule basis beginning May 29, 2012, and could return to work full-time on June 4, 2012.

21. On or about May 23, 2012, Plaintiff requested that ECIA accommodate the recommendations from his treatment provider as referenced in Paragraph 20, above. Ms. Deutmeyer and Ms. Weinhold stated Plaintiff's request was approved.

22. On information and belief, on or about May 24, 2012, Ms. Deutmeyer met with the acting chairman of the ECIA Board of Directors and stated she intended to terminate Plaintiff's employment.

23. On or about May 26, 2012, Ms. Deutmeyer emailed Plaintiff requesting a meeting upon Plaintiff's return to work to discuss various matters in the Transit Department.

24. On or about May 29, 2012, Plaintiff returned to work pursuant to his previous agreement with Ms. Deutmeyer and Ms. Weinhold. Upon his return, he meet with Ms. Deutmeyer and Ms. Weinhold, whereupon his employment was terminated effective immediately.

25. During the meeting referenced in Paragraph 24, above, Ms. Deutmeyer stated Plaintiff's employment was being terminated at will, that she was not happy with Plaintiff's work performance since July of 2011, and that she could no longer trust Plaintiff.

26. Defendant had a progressive disciplinary policy in place during Plaintiff's employment with Defendant.

27. Prior to the termination of Plaintiff's employment, he had not been the recipient of any disciplinary action from Defendant.

28. All of Plaintiff's performance reviews during his employment with Defendant had been "superior" to "excellent."

29. Despite Plaintiff's aforementioned disabilities, he was qualified and able to perform the duties and functions of his employment with reasonable accommodation.

## COUNT I - DISABILITY DISCRIMINATION: FAILURE TO ACCOMMODATE
(ADA Violations)

30. Plaintiff incorporates Paragraphs 1-29, above, the same as if restated verbatim herein.

31. Defendant failed to reasonably accommodate Plaintiff's known disabilities in violation of the ADA.

32. As a proximate cause of Defendant's actions, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, past and future emotional distress, and attorneys' fees and expenses.

33. Plaintiff has exhausted all administrative remedies. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (hereinafter, the

4

"EEOC") within 300 days of the aforementioned discrimination. On June 20, 2014, the EEOC issued a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit A.

WHEREFORE, Plaintiff, Mark Munson, respectfully requests this Court enter judgment against Defendant, E.C.I.A., for compensatory damages in a sum sufficient to compensate Plaintiff for all injuries and losses, past and future wage loss, past and future medical expenses, past and future emotional distress, reasonable attorneys' fees and expenses, the costs of this litigation, pre-judgment and post-judgment interest as provided by law, and for such other and further relief the Court deems just and proper.

## COUNT II-DISABILITY DISCRIMINATION: HARASSMENT
(ADA Violations)

34. Plaintiff incorporates Paragraphs 1-29, above, the same as if restated verbatim herein.

35. From and after March 8, 2012, Plaintiff was subjected to a subjectively and objectively hostile work environment because of his disabilities in violation of the ADA.

36. Plaintiff was repeatedly subject to unwelcome harassment by Ms. Deutmeyer regarding his disabilities.

37. Ms. Deutmeyer's harassment of Plaintiff significantly contributed to and exasperated his disabilities.

38. Ms. Deutmeyer's harassment of Plaintiff was sufficiently severe or pervasive to have negatively altered one or more term, condition, or privilege of Plaintiff's employment.

39. Ms. Deutmeyer was Plaintiff's supervisor and Defendant's Executive Director, making Defendant aware of the harassment and rendering Defendant vicariously liable for Ms. Deutmeyer's conduct.

40. Plaintiff complained about the aforementioned harassment to Ms. Deutmeyer, Ms. Weinhold, and Ms. Eudaley, among other employees at ECIA, but Defendant failed to take prompt remedial action to address the harassment.

41.   As a proximate cause of said harassment, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, past and future emotional distress, and attorneys' fees and expenses.

42.   Plaintiff has exhausted all administrative remedies. Plaintiff filed a complaint with the EEOC within 300 days of the aforementioned discrimination. On June 20, 2014, the EEOC issued a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit A.

WHEREFORE, Plaintiff, Mark Munson, respectfully requests this Court enter judgment against Defendant, E.C.I.A., for compensatory damages in a sum sufficient to compensate Plaintiff for all injuries and losses, past and future wage loss, past and future medical expenses, past and future emotional distress, reasonable attorneys' fees and expenses, the costs of this litigation, pre-judgment and post-judgment interest as provided by law, and for such other and further relief the Court deems just and proper.

## COUNT III - DISABILITY DISCRIMINATION: TERMINATION
(ADA Violations)

43.   Plaintiff incorporates Paragraphs 1-29, above, the same as if restated verbatim herein.

44.   Defendant terminated Plaintiff's employment because of Plaintiff's disabilities or Defendant's misplaced beliefs regarding Plaintiff's disabilities in violation of the ADA.

45.   As a proximate cause of Defendant's conduct, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, past and future emotional distress, and attorneys' fees and expenses.

46.   Plaintiff has exhausted all administrative remedies. Plaintiff filed a complaint with the EEOC within 300 days of the aforementioned discrimination. On June 20, 2014, the EEOC issued a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit A.

WHEREFORE, Plaintiff, Mark Munson, respectfully requests this Court enter judgment against Defendant, E.C.I.A., for compensatory damages in a sum sufficient to compensate Plaintiff for all injuries and losses, past and future wage loss, past and future medical expenses, past and future emotional distress, reasonable attorneys' fees and expenses, the costs of this litigation, pre-judgment and post-judgment

interest as provided by law, and for such other and further relief the Court deems just and proper.

## COUNT IV - PUNITIVE DAMAGES
### For ADA Violations

47. Plaintiff incorporates Paragraphs 1-46, above, the same as if restated verbatim herein.

48. Defendant acted intentionally, willfully, and maliciously by failing to accommodate Plaintiff's disabilities, by harassing him because of his disabilities, and by terminating his employment because of his disabilities, all in wanton disregard of Plaintiff's rights, under circumstances and in such a wrongful state of mind as to require an award of punitive damages against Defendant and in favor of Plaintiff in that amount which will deter Defendant and others from such conduct in the future.

WHEREFORE, Plaintiff, Mark Munson, respectfully requests this Court enter judgment against Defendant, E.C.I.A., for punitive damages in an amount which will deter Defendant and others from such conduct and damage in the future, together with interest as allowed by law.

## COUNT V- FAILURE TO ACCOMMODATE
### ICRA Violations

50. Plaintiff incorporates Paragraphs 1-29, above, the same as if restated verbatim herein.

51. Defendant failed to reasonably accommodate Plaintiff's known disabilities in violation of the ICRA.

52. As a proximate cause of Defendant's actions, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, past and future emotional distress, and attorneys' fees and expenses.

53. Plaintiff has exhausted all administrative remedies. Plaintiff filed a complaint with the Iowa Civil Rights Commission (hereinafter, the "ICRC") within 300 days of the aforementioned discrimination. On April9, 2014, the ICRC issued an Administrative Release (Letter of Right-to-Sue), a true and correct copy of which is attached hereto as Exhibit B.

WHEREFORE, Plaintiff, Mark Munson, respectfully requests this Court enter judgment against Defendant, E.C.I.A., for compensatory damages in a sum sufficient to compensate Plaintiff for all injuries and losses, past and future wage loss, past and future medical expenses, past and future emotional distress, reasonable attorneys' fees and expenses, the costs of this litigation, pre-judgment and post-judgment interest as provided by law, and for such other and further relief the Court deems just and proper.

## COUNT VI - HARASSMENT
### ICRA Violations

54. Plaintiff incorporates Paragraphs 1-29, above, the same as if restated verbatim herein.

55. From and after March 8, 2012, Plaintiff was subjected to a subjectively and objectively hostile work environment because of his disabilities in violation of the ICRA.

56. Plaintiff was repeatedly subject to unwelcome harassment by Ms. Deutmeyer regarding his disabilities.

57. Ms. Deutmeyer's harassment of Plaintiff significantly contributed to and exasperated his disabilities.

58. Ms. Deutmeyer's harassment of Plaintiff was sufficiently severe or pervasive to have negatively altered one or more term, condition, or privilege of his employment.

59. Ms. Deutmeyer was Plaintiff's supervisor and Defendant's Executive Director, making Defendant aware of the harassment and rendering Defendant vicariously liable for Ms. Deutmeyer's conduct.

60. Plaintiff complained about the aforementioned harassment to Ms. Deutmeyer, Ms. Weinhold, and Ms. Eudaley, among other employees at ECIA, but Defendant failed to take prompt remedial action to address the harassment.

61. As a proximate cause of said harassment, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, past and future emotional distress, and attorney's fees and expenses.

63. Plaintiff has exhausted all administrative remedies. Plaintiff filed a complaint with the ICRA within 300 days of the aforementioned discrimination.

On April 9, 2014, the ICRC issued an Administrative Release (Letter of Right-to-Sue), a true and correct copy of which is attached hereto as Exhibit B.

WHEREFORE, Plaintiff, Mark Munson, respectfully requests this Court enter judgment against Defendant, E.C.I.A., for compensatory damages in a sum sufficient to compensate Plaintiff for all injuries and losses, past and future wage loss, past and future medical expenses, past and future emotional distress, reasonable attorneys' fees and expenses, the costs of this litigation, pre-judgment and post-judgment interest as provided by law, and for such other and further relief the Court deems just and proper.

## COUNT VII - TERMINATION
### ICRA Violations

64. Plaintiff incorporates Paragraphs 1-29, above, the same as if restated verbatim herein.

65. Defendant terminated Plaintiff's employment because of Plaintiff's disabilities or Defendant's misplaced beliefs regarding Plaintiff's disabilities in violation of the ICRA.

66. As a proximate cause of Defendant's conduct, Plaintiff has suffered damages, including but not limited to, past and future wage loss, past and future medical expenses, past and future emotional distress, and attorneys' fees and expenses.

67. Plaintiff has exhausted all administrative remedies. Plaintiff filed a complaint with the ICRC within 300 days of the aforementioned discrimination. On April 9, 2014, the ICRC issued an Administrative Release (Letter of Right-to-Sue), a true and correct copy of which is attached hereto as Exhibit B.

WHEREFORE, Plaintiff, Mark Munson, respectfully requests this Court enter judgment against Defendant, E.C.I.A., for compensatory damages in a sum sufficient to compensate Plaintiff for all injuries and losses, past and future wage loss, past and future medical expenses, past and future emotional distress, reasonable attorneys' fees and expenses, the costs of this litigation, pre-judgment and post-judgment interest as provided by law, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

FUERSTE, CAREW,
JUERGENS & SUDMEIER, P.C.

By *(signature)* FOR
Danita L. Grant, AT0002949

By *(signature)*
Jason D. Lehman, AT0009359
200 Security Building
151 West 8th Street
Dubuque, Iowa 52001-6810
Phone: (563) 556-4011
Fax: (563) 556-7134
E-mail: dgrant@fuerstelaw.com
        jlehman@fuerstelaw.com

Attorneys for PLAINTIFF.

10

EEOC Form 161-B (11/09)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Mark A. MUNSON
3920 Hillcrest Road
Dubuque, IA 52002

From: Milwaukee Area Office
310 West Wisconsin Ave
Suite 500
Milwaukee, WI 53203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2013-00561 | Ora M. Holland, State & Local Coordinator | (312) 869-8078 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
District Director

(Date Mailed)

cc: EAST CENTRAL INTERGOVERNTAL ASSOCIATION
Attn: Human Resource Manager
7600 Commerce Park
Dubuque, IA 52002

FUERSTE CAREW JUERGENS & SUDMEIR, PC
Attn: Jason D. Lehamn
151 West 8th St #200
Dubuque, IA 52001

EXHIBIT A

# Administrative Release
## (Letter of Right-To-Sue)

| To: | From: |
|---|---|
| MR. MARK MUNSON<br>3920 HILLCREST ROAD<br>DUBUQUE, IA 52002 | Iowa Civil Rights Commission<br>Grimes State Office Building<br>400 E. 14th Street<br>Des Moines, Iowa 50319 |
| Complaint CP# 03-13-63980     EEOC# 26A-2013-00561C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10. It is issued pursuant to the Complainant's request.

The following conditions have been met:

1. The complaint was timely filed with the Iowa Civil Rights Commission (ICRC) as provided in Iowa Code Section 216.15(12);

2. Sixty (60) days have expired since the complaint was filed with ICRC;

3. None of the exceptions set forth in Administrative Rule 161 – 3.10(4) are applicable.

With this Administrative Release, the Complainant has the right to commence an action in district court. That action must be commenced within ninety (90) days of the issue date **4/9/2014**. *The Right-to-Sue Letter is not a finding by ICRC on the merits of the charge. ICRC will take no further actions in this matter.*

A copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below. The Code allows any party to obtain a complete copy of the case file after a Right-To-Sue has been issued. Requests for copies should be directed to Annette Flaherty at ICRC.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840

cc: File
    JASON D. LEHMAN, Complainant's Attorney
    SARAH E. STORK MEYER, Respondent's Attorney
    EAST CENTRAL INTERGOVERNMENTAL ASSOCIATION
    KELLY DEUTMEYER, EXECUTIVE DIRECTOR

ICRC/S36 (24)



EXHIBIT B