# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| MARK MUNSON, | |
| Plaintiff, | No. 14-CV-1014-LRR |
| vs. | **ORDER** |
| EAST CENTRAL INTERGOVERNMENTAL ASSOCIATION, | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant East Central Intergovernmental Association's ("ECIA") "Motion to Dismiss" ("Motion") (docket no. 17).

## *II. PROCEDURAL HISTORY*

On July 8, 2014, Plaintiff Mark Munson filed a Complaint (docket no. 2) against E.C.I.A. Business Growth, Inc. On September 18, 2014, Munson filed an Amended Complaint against ECIA (docket no. 8). Count I alleges that ECIA failed to accommodate Munson's disabilities in violation of the Americans with Disabilities Act. Count II alleges that ECIA harassed Munson because of his disabilities in violation of the Americans with Disabilities Act. Count III alleges that ECIA terminated Munson's employment because of his disabilities in violation of the Americans with Disabilities Act. Count IV alleges that Munson is entitled to punitive damages from ECIA because ECIA acted willfully in violating the Americans with Disabilities Act. Count V alleges that ECIA failed to accommodate Munson's disabilities in violation of the Iowa Civil Rights Act. Count VI alleges that ECIA harassed Munson because of his disabilities in violation of the Iowa Civil

Rights Act. Count VII alleges that ECIA terminated Munson's employment because of his disabilities in violation of the Iowa Civil Rights Act.

On October 10, 2014, ECIA filed an Answer to the Amended Complaint (docket no. 11). On April 8, 2015, ECIA filed the Motion.[1] On April 27, 2015, Munson filed a Resistance (docket no. 18). On May 4, 2015, ECIA filed a Reply (docket no. 19). The Motion is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but early enough not to delay trial a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In ruling on a Rule 12(c) motion, the Eighth Circuit Court of Appeals "appl[ies] 'the same standard as when [the Eighth Circuit] reviews the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).'" *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 912-13 (8th Cir. 2014) (quoting *Packard v. Darveau*, 759 F.3d 897, 900 (8th Cir. 2014)). The distinction between a motion under Rule 12(c) and 12(b)(6) "is purely formal, because [courts] review [a] 12(c) motion under the standards that govern 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Accordingly, the court applies the standards that govern Federal Rule of Civil Procedure 12(b)(6) in deciding the merits of the Motion.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));

---

[1] A defendant must move pursuant to Federal Rule of Civil Procedure 12(b) "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Here, ECIA filed the Motion after it filed its Answer. The court shall treat the Motion as one made under Federal Rule of Civil Procedure 12(c).

*accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)). One such insuperable bar to relief is an applicable statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

### IV. RELEVANT FACTUAL BACKGROUND

Accepting the facts in the Complaint as true, Munson worked for ECIA as transit director from about November 2005 through May 2012. Munson began suffering from depression, anxiety and alcohol dependence. Munson informed ECIA that he was receiving medical treatment for anxiety, depression and alcohol dependence. Munson's

alcohol dependence provider instructed Munson to work a reduced schedule, and Munson requested that ECIA accommodate the request for a reduced schedule. ECIA initially approved Munson's request. Upon Munson's return to work, however, ECIA terminated Munson's employment.

On about March 7, 2013, Munson filed a complaint with the Iowa Civil Rights Commission, naming "East Central Intergovernmental Assoc." as the organization that discriminated against him. *See* Iowa Civil Rights Commission Complaint (docket no. 17-2) at 2. On about March 31, 2014, Munson requested a right-to-sue letter from the Iowa Civil Rights Commission, listing "East Central Intergovernmental Association" as one of the respondents. *See* Request for Administrative Release (docket no. 17-3). Sometime thereafter, the Iowa Civil Rights Commission issued an Administrative Release (docket no. 17-4), again listing "East Central Intergovernmental Association" as a respondent. On April 9, 2014, the Equal Employment Opportunity Commission informed the Iowa Civil Rights Commission that it would not investigate Munson's claim, listing "East Central Intergoverntal [sic] Association" as the respondent. *See* EEOC Acknowledgment (docket no. 17-5). On July 8, 2014, Munson filed his original complaint in the instant case, listing "E.C.I.A. Business Growth, Inc." as the defendant. *See* Complaint (docket no. 2). On August 28, 2014, E.C.I.A. Business Growth, Inc. filed an Answer (docket no. 6) through its attorney, Jeffrey Walters. On September 18, 2014, Munson filed the Amended Complaint, substituting ECIA as the defendant.

## *V. ANALYSIS*

ECIA argues that the court should dismiss Counts V, VI and VII because: (1) "Plaintiff is barred by the applicable statute of limitations, Iowa Code § 216.15(12)"; and (2) Plaintiff is "further barred by Iowa Code § 614.1(2)." Motion at 2.[2]

---

[2] ECIA also argues that because Munson "failed to file his resistance . . . within the
(continued…)

4

### A. Iowa Code § 216

#### 1. Parties' arguments

ECIA argues that "[a]n action was not commenced against the Defendant Employer East Central Intergovernmental Association until the 'Amended Complaint' was filed on September 7, 2014, 163 days after the Right-to-Sue letter was issued." Brief in Support of the Motion (docket no. 17-1) at 5. Because the Iowa Code requires a plaintiff to commence an action within ninety days of issuance of the right-to-sue letter, ECIA contends that the action was untimely and should be dismissed.

Munson argues that the action was timely because the Amended Complaint—which changed the named defendant from E.C.I.A. Business Growth, Inc. to ECIA—relates back to the original Complaint pursuant to Federal Rule of Civil Procedure 15(c).

#### 2. Applicable Law

Iowa Code § 216.16 requires that "[a] person claiming to be aggrieved by an unfair or discriminatory practice must initially seek an administrative relief by filing a complaint with the [Iowa Civil Rights] [C]ommission." Iowa Code § 216.16(1). After the Iowa Civil Rights Commission issues a right-to-sue letter, the complainant must file suit in the Iowa district courts within ninety days. *See* Iowa Code § 216.16(4) ("An action authorized under this section is barred unless commenced within ninety days after issuance by the commission of a release . . . .").

Federal Rule of Civil Procedure 15(c) provides situations in which "[a]n amendment to a pleading relates back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1). Relevant here, an amended pleading relates back to the date of the original pleading when

---

²(…continued)
time prescribed by Local Rule 7(e) . . . the [c]ourt should disregard [the] Resistance." Reply at 1. The court has the authority to "strik[e] . . . pleadings or other filings" when a party fails to comply with the Local Rules. *See* LR 1(f). While the court expects parties to follow the Local Rules, the court shall nonetheless consider the Resistance.

5

> the amendment changes the party . . . against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Federal Rule of Civil Procedure 4(m) provides for "120 days after the complaint is filed" for a plaintiff to serve a complaint on a defendant. Fed. R. Civ. P. 4(m). Moreover, "Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient 'notice of the action' within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554 n.5 (2010). Such notice "need not be formal." *Id.* (quoting Advisory Committee's 1966 Notes 122). "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548. "Relation back under [Rule 15(c)(1)(C)] 'is most obviously appropriate in cases . . . where the plaintiff has sued a corporation but misnamed it.'" *United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, 608 F.3d 871, 883 (D.C. Cir. 2010) (quoting *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000)).

*3.     Application*

The court finds that the Amended Complaint relates back to the date of the original Complaint. First, Federal Rule of Civil Procedure 15(c)(1)(B) is satisfied. Munson is alleging the same "conduct, transaction or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In fact, it appears that the only change between the Complaint and the Amended Complaint is the change of the named defendant from E.C.I.A. Business Growth, Inc. to East Central Intergovernmental Association. *See* Amended Complaint at 1 ("Munson . . . hereby amends his Complaint to name the correct Defendant, East Central Intergovernmental Association."). *See also Slaughter v. Southern Talc Co.*, 949 F.2d 167, 173-74 (5th Cir. 1991) (holding that when the only change in an amended pleading was a change in party, "[t]he amendment unquestionably arose out of the same injury as the original pleadings").

In addition, the court concludes that ECIA had notice of the action within the Rule 4(m) period and "knew . . . that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Attorney Jeffrey Walters filed the Answer to the original Complaint on behalf of E.C.I.A. Business Growth, Inc. *See* Answer (docket no. 6). Walters is also counsel of record for ECIA. "[W]hen an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary v. Penn. Dept. of Corrections*, 266 F.3d 186, 196 (3d Cir. 2001); *see also Scott v. Village of Spring Valley*, 577 F. App'x 81, 82 (2d Cir. 2014) ("[A] court may impute knowledge 'to a defendant or set of defendants because they have the same attorney(s)' when there is 'some showing that the attorney(s) knew that the additional defendants would be added to the existing suit.'" (quoting *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989))).

ECIA had such notice well within the Rule 4(m) period. Munson filed the original Complaint on July 8, 2014. Based on the original Complaint, ECIA had notice that the action would have been brought against it absent some mistake. *See Krupski*, 560 U.S. at 554 n.5 (stating that formal notice is not a prerequisite to satisfy Rule 4(m)). Even if ECIA did not have notice at the time Munson filed the original Complaint, Munson filed the Amended Complaint on September 18, 2014 -- seventy-two days after filing the original Complaint and well within the Rule 4(m) period. Moreover, E.C.I.A. Business Growth, Inc. and East Central Intergovernmental Association have very similar names. *See Krupski*, 560 U.S. at 556 (stating that when corporate entities have "very similar names," such "similarity heighten[s] the expectation that [the correct party] should suspect a mistake has been made when [the party erroneously named] is named in a complaint that actually describes [the correct party]'s activities.").

In the Reply, ECIA asserts that "Federal Rule of Civil Procedure 15(c)(1)(a) allows relation back only when 'the law that provides the applicable statute of limitations allows relation back.'" Reply at 2. Federal Rule of Civil Procedure 15(c)(1)(a) does not apply here. Rule 15(c)(1) provides three situations in which an amended pleading relates back to the original pleading -- (1) when "the law that provides the applicable statute of limitations allows relation back"; (2) when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading"; or (3) when

> the amendment changes the party . . . against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

8

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). These three ways are listed in the disjunctive and, accordingly, the proponent of relation back need only show one of the three situations applies.[3]

Finally, ECIA also asserts in the Reply that the court should not allow relation back because "Plaintiff's attorney cannot now claim to not have knowledge of what entity should have been named as the Defendant." Reply at 2-3. However, "Rule 15(c)(1)(C) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski*, 560 U.S. at 548. Whether Munson knew or should have known the correct party at the time of filing the original Complaint is immaterial. Accordingly, the court shall deny the Motion to the extent it argues that the court should dismiss Counts V, VI and VII because Munson failed to comply with the statute of limitations in Iowa Code § 216.

### B. *Iowa Code § 614.1*

ECIA argues that Iowa Code § 614.1 provides for a two-year statute of limitations and "Plaintiff's employment ended on May 29, 2012 [and] Plaintiff filed the Amended Complaint . . . on September 7, 2014, well beyond two years of his last date of employment." Brief in Support of the Motion at 8. Munson argues that "Iowa Code § 614.1(2) does not apply to this case" because "[c]laims arising under Iowa Code § 216.6 . . . are 'otherwise specially declared' in Iowa Code § 216.16(4)" and Munson filed his Complaint within the applicable time frame. Resistance at 6.

Iowa Code § 614.1 provides:

---

[3] As already discussed, a party asserting that an amendment relates back pursuant to Federal Rule of Civil Procedure 15(c)(1)(C) must also satisfy Federal Rule of Civil Procedure 15(c)(1)(B).

9

> Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:
>
> . . .
>
> > 2. Injuries to person or reputation relative rights statute penalty. Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

Iowa Code § 614.1(2) (formatting omitted). Iowa Code § 216.6 requires that "[a] person claiming to be aggrieved by an unfair or discriminatory practice must initially seek an administrative relief by filing a complaint with the [Iowa Civil Rights] [C]ommission." Iowa Code § 216.16(1). After the Iowa Civil Rights Commission issues a right-to-sue letter, the complainant must file suit in the Iowa district courts within ninety days. *See* Iowa Code § 216.16(4) ("An action authorized under this section is barred unless commenced within ninety days after issuance by the commission of a release . . . .").

The court agrees with Munson that Iowa Code § 216 comfortably fits within the "otherwise specially declared" language of Iowa Code § 614.1. That is, the statute of limitations for bringing an unfair employment practices claim is contained in Iowa Code § 216 and, as discussed above, Munson filed suit within the limitations period set forth in Iowa Code § 216. Accordingly, the court shall deny the Motion to the extent it argues that Munson failed to comply with the statute of limitations contained in Iowa Code § 614.1.

## VI. CONCLUSION

In light of the foregoing, Defendant East Central Intergovernmental Association's "Motion to Dismiss" (docket no. 17) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 8th day of June, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA